NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2530
_____

PATRICIA MEDINA TALBERT,
Appellant
v.

THE JUDICIARY OF THE STATE OF NEW JERSEY,
DEBORAH T. PORITZ, JAMES R. ZAZZALI, STUART RABNER,
PATRICIA K. COSTELLO, JOSEPH A. FALCONE
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court  No. 2-09-cv-02782)
District Judge: The Honorable Stanley R. Chesler

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2011
_____

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*,
and STEARNS, *District Judge*[*]

(Filed: March 30, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge*.

New Jersey Superior Court Judge Patricia Talbert was not reappointed to a

---

[*] The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

1

judgeship after her initial seven-year term expired in 2007. Talbert believes that the governor's decision was the culmination of a years-long campaign of discrimination and retaliation waged against her by various colleagues and the judiciary as a whole. She alleges that they conspired to thwart the advancement of her career by assigning her to undesirable divisions of the court and declining to support her renomination. The complaint she has filed invokes 42 U.S.C. §§ 1981 and 1983, as well as Title VII of the Civil Rights Act of 1964.

The District Court dismissed the entirety of Talbert's six-count complaint on the grounds that: (i) there was no proximate cause, as the decision not to reappoint was up to the governor alone; (ii) the decision to assign the plaintiff to another department was a lateral transfer and not an adverse employment action; and (iii) the statute of limitations had expired. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction, 28 U.S.C. § 1291, and exercise plenary review, *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). We will affirm.

All claims against the state judiciary fail. The New Jersey court system is an unconsenting state entity entitled to immunity under the Eleventh Amendment. *See Benn v. First Judicial Dist.*, 426 F.3d 233, 240–41 (3d Cir. 2005).

Insofar as Talbert's claims against the individual defendants seek compensation for the consequences of the governor's decision not to reappoint her—in the form of, for instance, lost wages and emotional injuries resulting from being forced to leave the bench—they must fail for a lack of proximate causation. All of the statutes invoked in the complaint demand that the plaintiff prove that the defendant was the legal cause of

2

her injuries. *See Rivas v. City of Passaic*, 365 F.3d 181, 193 (3d Cir. 2004) (a § 1983 suit requires proof of proximate causation); *McGovern v. City of Phila.*, 554 F.3d 114, 120–21 (3d Cir. 2009) (rights guaranteed by § 1981 are enforceable against state governmental units only in an action under § 1983); *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006) (plaintiff in a Title VII retaliation case must show, *inter alia*, that "there is a causal link between the protected activity and the discharge"); *Pivirotto v. Innovative Sys.*, 191 F.3d 344, 352 (3d Cir. 1999) (prima facie case in a Title VII discrimination suit involves showing that the defendant took the challenged employment action). We agree with the District Court that the independence of the governor's decision not to reappoint the plaintiff precludes holding the individual defendants responsible. *See Troup v. Sarasota Cnty.*, 419 F.3d 1160, 1166 (11th Cir. 2005) (no causation in a § 1983 case where "the continuum between Defendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers") (citation and internal quotation marks omitted).

Most of the balance of Talbert's complaint is barred by the applicable statutes of limitations.[1] Title VII claims must be filed with the Equal Employment Opportunity Commission within 300 days of the occurrence of the complained-of employment action. 42 U.S.C. § 2000e-5(e)(1); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001). Talbert filed a complaint with the EEOC on December 14, 2005.

---

[1] The District Court identified one alleged adverse employment action occurring within the applicable period: the investigation of her discrimination claim by the Administrative Office of the Courts of New Jersey, and the requirement that the plaintiff participate in that investigation. We are in agreement with the District Court that such an investigation cannot constitute an adverse employment action. The court properly dismissed that claim on the merits.

3

Assuming that the allegations in the EEOC complaint were actionable, the claims must have accrued no earlier than February 17, 2005. Acknowledging that no adverse action was affirmatively taken against her within the limitations period (the primary basis of her complaint is her assignment to the Family Part of the Superior Court in June 2004), Talbert seeks to invoke the "continuing violation" theory that we described in *Rush v. Scott Specialty Gases*, 113 F.3d 476, 481 (3d Cir. 1997). That theory, however, requires "that at least one discriminatory act occurred within the 300-day period." *Id.* (citing *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995)). Talbert argues that defendants' failure to transfer her out of the Family Part constituted a continuously occurring adverse action, part of which occurred within the limitations period. We disagree. The alleged adverse action was the transfer to an unfavorable position; the fact that Talbert was not moved out of that position does not turn a single discrete act into a continuing practice of discrimination. To preserve her claim Talbert should have filed her EEOC complaint within 300 days of the reassignment.

The § 1983 claims are subject to a two-year limitations period. *O'Connor v. City of Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006). The complaint was filed on June 8, 2009, so claims accruing before June 8, 2007 are barred. As explained above, the plaintiff cannot maintain suit against the defendants named in this lawsuit for the governor's decision not to renominate her, and the reassignment and other allegedly illegal acts all occurred well outside the two-year window. Talbert's argument that she did not discover that she had been injured by the 2004 reassignment until the governor advised her that she would not be reappointed in 2007 is belied by the fact that she filed

4

an EEOC complaint in 2005—she clearly thought that she had suffered harm well before she lost her position, and should have brought her suit within the two-year period.

We will affirm the judgment of the District Court.